322 So.2d 102

**OPINION OF THE JUSTICES.**

**No. 221.**

Supreme Court of Alabama.

Nov. 17, 1975.

The Governor of the State of Alabama requested an advisory opinion of the Supreme Court of Alabama concerning the interpretation of language contained in an amendment to the Constitution of the State of Alabama which governed the length of time that the legislature can meet in its regular and special sessions.

Questions answered.

Honorable George C. Wallace
Governor of Alabama
State Capitol
Montgomery, Alabama 36104

Dear Sir:

The undersigned Justices of the Supreme Court acknowledge receipt of your request for an advisory opinion on the two questions presented in your letter delivered to us on Friday afternoon, November 14, 1975.

Act No. 2, Acts of Alabama, Second Special Session, 1975, submitted a constitutional amendment which was later ratified by the people. The amendment reads:

"Beginning in the year 1976 regular sessions of the Legislature shall be held annually on the first Tuesday in May, or on such other day as may be prescribed by law, and shall be limited to 30 legislative days and 105 calendar days. Special sessions of the legislature convened in the manner provided by this Constitution shall be limited to 12 legislative days and 30 calendar days."

Your questions are as follows:

"1. In what year does the constitutional limitation of 12 legislative days begin to apply to special sessions of the legislature?

"2. Does the 12 day constitutional limitation on the number of legislative days apply to the current special session of the Alabama Legislature, convened by my proclamation of October 11, 1975, which convened on November 3, 1975?"

Your request also shows that official action by you as required by Section 125, Constitution of Alabama 1901, is pending and your action depends upon the answers to your questions.

We answer your first question by stating that, in our opinion, the constitutional limitation applies in the year 1975. We answer your second question in the affirmative.

We have examined the legislative proceedings relating to the passage of this bill. Two amendments show, in our opinion, that the intent of the Legislature was to specifically exempt regular sessions from the operation of the amendment until 1976.

Act No. 2 originated as a bill in the Senate, was amended in the House of Representatives by changing the number of days and changing the date of submission to the voters. The bill was sent to a Conference Committee and as amended in the Conference Committee report, it was passed by both Senate and House. An amendment by the House and a Conference Committee amendment show that the Legislature did not want the amendment to apply to the regular session of 1975. They intended for the people to vote on the amendment while the Legislature was in regular session, but they did not want the new amendment to govern that regular session. So, for the first time, the words "Beginning in the year 1976" were added at the beginning of the amendment.

The amendment deals with two subjects, regular and special sessions. A separate sentence is devoted to each subject. It is clear that the provisions as to regular sessions could not apply in 1975. But no form of punctuation or wording of any sort is used in the sentence relating to special sessions.

We, therefore, opine that the amendment applies to any special session of the Legislature which came into being after the amendment was proclaimed to have been ratified as this one was prior to the calling of this present Third Extra Session of the Legislature.

Respectfully submitted,

HOWELL HEFLIN
Chief Justice

PELHAM J. MERRILL

JAMES N. BLOODWORTH

HUGH MADDOX

JAMES H. FAULKNER

RENEAU P. ALMON

JANIE L. SHORES

ERIC EMBRY
Justices